FILED

2012 Aug-03  PM 03:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **PATRICK MICHAEL ERB,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **CASE NO. 6:11-cv-2629-SLB** |
| | } | |
| **ADVANTAGE SALES &** | } | |
| **MARKETING LLC,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

This case is before the court on defendant's Motion to Dismiss Counts I, II and IV of Plaintiff's Amended Complaint ("Motion to Dismiss"). (Doc. 17).[1]  Upon consideration of the parties' submissions and the relevant law, the court finds that defendant's Motion to Dismiss is due to be granted.

### I.  STANDARD OF REVIEW

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted.  To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp.*

---

[1] Reference to a document number, ["Doc. ____"], refers to the number assigned to each document as it is filed in the court's record.

*v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).[2] "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002).  "'[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'"  *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the

---

[2]In *Bell Atlantic Corp. v. Twombly,* the United States Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," which was set forth in *Conley v. Gibson.  See Twombly,* 550 U.S. at 561 (quoting *Conley,* 355 U.S. 41, 45-46 (1957)).  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Id.* at 563.  The "decision in *Twombly* expounded the pleading standard for 'all civil actions.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009).

allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997) (emphasis in original; citation omitted).

## II.  FACTUAL AND PROCEDURAL HISTORY[3]

Plaintiff Patrick Michael Erb ("plaintiff") began working for defendant Advantage Sales & Marketing LLC ("defendant") on December 29, 2008.  (Doc. 16 ¶ 4.)  Defendant maintained a performance-based bonus system for the time periods of January 1, 2009 to December 31, 2009 (the "2009 Performance Bonus") and January 1, 2010 to December 31, 2010 (the "2010 Performance Bonus").  (*Id*. ¶ 5.)  Defendant agreed to pay plaintiff the 2009 and 2010 Performance Bonuses upon his performance of certain workplace obligations.  (*Id*. ¶¶ 6, 28.)  Plaintiff was paid the 2009 Performance Bonus, but defendant failed to pay plaintiff the 2010 Performance Bonus despite his performance of the agreed-upon obligations. (*Id*. ¶¶ 6, 28-29.)

During his employment, plaintiff allegedly uncovered a fraudulent billing scheme whereby Shoppers Events, a "related company of [defendant]," charged large multi-national retail corporations and other entities for unperformed services.  (*Id*. ¶ 7.)  Between May 2010 and late February 2011, plaintiff communicated his findings to various individuals, including defendant's Director of Retail Operations, Steve Nave ("Nave"). (*Id*. ¶¶ 3, 9.)  After plaintiff communicated his findings to Nave, Nave contacted plaintiff and stated:  "Why do you keep sending emails [about] client[s] deserving refunds?  It is not your job description.  You don't

---

[3]  The facts are taken from the Amended Complaint, (doc. 16).

want to go there." (*Id*. ¶ 9.)  Defendant terminated plaintiff on March 4, 2011, seven days

after his conversation with Nave.  (*Id*. ¶¶ 4, 12.)

On June 16, 2011, plaintiff filed suit in the Circuit Court of Marion County, Alabama

against defendant, Shopper Events, and Nave, asserting state law claims of slander, libel,

breach of contract and fraudulent misrepresentation.  (*See* doc. 1-3.)  This matter was

removed to federal court on July 20, 2011.  (*See* doc. 1.)  On December 6, 2011, plaintiff

sought leave to amend the complaint in order to dismiss Shopper Events and Nave as party

defendants, to "clarify" the existing causes of action, and to add a cause of action under the

Louisiana Whistleblower Act.  (*See* doc. 13.)  The court granted plaintiff leave to amend, and

plaintiff filed the Amended Complaint on February 15, 2012.[4]  (*See* docs. 15, 16.)  Defendant

filed the instant Motion to Dismiss on March 1, 2012, requesting that the court dismiss

Counts I (slander), II (libel), and IV (fraud) of the Amended Complaint for failure to state

a claim upon which relief may be granted.  (*See* doc. 17.)

### III.  DISCUSSION

#### A.    Counts I and II (Slander and Libel)

The Amended Complaint alleges that defendant committed slander and libel by stating

that plaintiff performed substandard work, and that plaintiff suffered damages as a result

thereof.  (Doc. 16 ¶¶ 16, 19, 22.)  Defendant contends that, without more, these allegations

---

[4] In its Order, the court construed plaintiff's motion for leave to amend as a motion for
voluntary dismissal under Fed. R. Civ. P. 41(a) to the extent it sought to dismiss Shopper Events
and Nave as defendants.  (Doc. 15 at 2 n.3.)  The court nonetheless granted plaintiff's motion to
the extent it was, in substance, a motion for voluntary dismissal.  (*Id*.)

do not give rise to actionable claims of slander or libel, and, therefore, Counts I and II of the Amended Complaint are due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 17 at 3-5.)  In his opposition brief, plaintiff concurs that Counts I and II should be dismissed without prejudice.  (Doc. 20 at 1.)  Accordingly, defendant's Motion to Dismiss Counts I and II of the Amended Complaint is due to be granted, and such claims will be dismissed without prejudice.

**B.     Count IV (Fraud)**

In Count IV, the Amended Complaint alleges that defendant promised to pay plaintiff the 2010 Performance Bonus upon his fulfillment of certain workplace obligations, that plaintiff performed these obligations, and that defendant never paid plaintiff the 2010 Performance Bonus.  (Doc. 16 ¶¶ 27-30.)  The Amended Complaint does not identify or otherwise denominate the cause of action underlying Count IV, and defendant construes Count IV as a claim of promissory fraud.  Defendant moves for dismissal of Count IV pursuant to Fed. R. Civ. P. 12(b)(6), arguing that dismissal is appropriate because (1) the Amended Complaint fails to plead the essential elements of promissory fraud, and (2) the Amended Complaint has not pled promissory fraud with the requisite particularity required by Fed. R. Civ. P. 9(b).  (Doc. 17 at 5-6.)  Plaintiff, on the other hand, construes Count IV as encompassing several types of fraud, including promissory fraud, "reckless false statement," and concealment.  (*See* doc. 20 at 2-6.)  Plaintiff contends that dismissal is unwarranted because the Amended Complaint contains sufficient factual allegations for each

5

of the aforementioned types of fraud.  (*Id*. at 1.)  In support, however, plaintiff's opposition brief relies on newly-alleged "supplemental" facts and an attached affidavit from plaintiff to demonstrate that the Amended Complaint pleads fraud with the requisite particularity. (*See generally* docs. 20, 20-1.)

For the purposes of this motion, the court will not consider the new factual allegations offered in plaintiff's opposition brief and the Verified Affidavit of Plaintiff.  Motions to dismiss brought pursuant to Rule 12(b)(6) test the sufficiency of the factual allegations contained in the complaint, and "a party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion."  *Cherry v. City of Philadelphia*, No. 04-1393, 2004 WL 2600684, at *3 (E.D. Pa. Nov. 15, 2004) (quotations and citations omitted); *accord Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("'[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.), *cert. denied*, 470 U.S. 1054 (1984))).  Therefore, the court will only consider the factual allegations in the Amended Complaint in ruling on defendant's Motion to Dismiss.

In most cases, a complaint adequately states a claim of relief by providing "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Complaints that allege fraud, however, are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that the circumstances constituting fraud be plead with particularity.  Fed. R. Civ. P. 9(b).  Alleging fraud with

particularity requires that the plaintiff set forth "'(1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks*, 116 F.3d at 1371). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)); *see also Cooper v. Blue Cross and Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir. 1994) ("Federal Rule of Civil Procedure 9(b) requires that fraud be pleaded with specificity. The plaintiff's complaint must allege the details of the [defendant's] allegedly fraudulent acts, when they occurred, and who engaged in them."). Therefore, regardless of its type, fraud claims must be supported by more than generalized allegations that the defendant acted fraudulently.

The Amended Complaint does not allege particularized facts setting forth a claim of fraud, of any type, as required under Fed. R. Civ. P. 9(b). Specifically, the Amended Complaint does not provide the precise statements or omissions defendant allegedly made when it promised to pay plaintiff the 2010 Performance Bonus. Nor does the Amended Complaint allege the time or place of defendant's fraudulent promise or omission or the

individual responsible for making that promise or omission.   Instead, the Amended Complaint asks the court to infer that defendant acted fraudulently merely because defendant failed to follow through on a promise.   While the court indulges all reasonable inferences in plaintiff's favor, the mere fact that defendant failed to pay plaintiff the 2010 Performance Bonus does not create a reasonable inference of fraudulent conduct.   *See Goodyear Tire & Rubber Co. v. Washington*, 719 So. 2d 774, 776 (Ala. 1998) ("The plaintiff cannot meet his burden merely by showing that the alleged promise ultimately was not kept; otherwise, any breach of contract would constitute a fraud.").   Simply put, the Amended Complaint contains not one allegation that defendant acted fraudulently in promising but failing to pay plaintiff the 2010 Performance Bonus.   Consequently, defendant's Motion to Dismiss Count IV of the Amended Complaint is due to be granted.

## IV.  CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant's Motion to Dismiss is due to be granted.   An Order granting defendant's Motion to Dismiss, (doc. 17), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 3rd day of August, 2012.

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE